·José Ernesto Asencio, Plaintiff and Appellee, *v.* The American Railroad Company of Porto Rico, Defendant and Appellant.

No. 9207. Argued February 1, 1946.—Decided June 6, 1946.

*Mariano Acosta Velarde* and *Donald R. Dexter* for appellant. *José Sabater* and *Carlos García Méndez* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

Rafael Asencio, an eight-year-old son of the plaintiff herein, while walking over a road or grade crossing known as "Flag Stop Isabel Josefa," at Kilometer 4-400, ward of Bajura, Cabo Rojo, was run down by a locomotive of the defendant company. The child died in consequence of the severe injuries received by him.

In the complaint filed by the father it is alleged that the accident was due solely to the negligence of an employee of the defendant who ran the engine at an excessive speed and upon nearing the grade crossing, failed to sound any bell, whistle or signal warning of its approach; and that, although the engineer made an extraordinary effort to stop the train in order to avoid the accident, he was unable to do so by reason of the excessive speed, the engine coming to a stop at a distance of about two-hundred meters from the place of the occurrence.

The defendant answered and specifically denied the essential averments of the complaint, and set up the special defenses: (a) that if there was any fault or negligence on the part of the defendant in connection with the accident, there was also contributory negligence on the part of the plaintiff or the minor, such contributory negligence being the proximate, sole, and immediate cause of the accident; and (b) that the death of the minor was the result of an unfortunate and unavoidable accident, without there being involved any fault or negligence on the part of the defendant company.

The District Court of Mayagüez, before which the case was tried, held as proven to its satisfaction that the child had been run down by the locomotive while he was walking over the grade crossing called "Flag Stop Isabel Josefa," "which is also a private road open to the public"; that the minor died in consequence of said accident; that the engine was being run at great speed, very fast, before this accident occurred, "without sounding any bell, whistle or signal apparatus to warn of its approach to said place, which is a grade crossing used by the public"; that the speed at which the train ran was shown by the fact that the engineer made efforts to stop the engine and was unable to do so until at a distance of 200 or 300 meters beyond the place where the child was run down; that the engineer failed to give any warning or to reduce the speed when approaching the grade crossing; and that the sole and proximate cause of the accident was the fault, carelessness, and negligence of the defendant company acting throught its employees.

The defendant has appealed from a judgment whereby it was adjudged to pay $2,800 as damages together with costs and $300 as attorney's fees.

The first four assignments may be considered jointly, as they all relate to the weighing of the evidence regarding the speed at which the train was operated before and at the time the accident occurred.

The lower court did not hold, as claimed by the appellant, that the defendant was guilty of negligence because the engine and the cars could not be stopped until at a distance of 200 or 300 meters beyond the place where the child was struck. What the court did hold was that the fact that the engine was operated at great speed and that the engineer made efforts to stop it "was shown by the shrill sound made by the wheels when the breaks were applied to them and by the failure to stop the engine and the cars hauled by it until at a distance of 200 or 300 meters beyond the place where

the minor Rafael Asencio. Matos was run down.'' The evidence introduced in order to fix the distance covered by the train after the accident occurred was conflicting. The witnesses for the plaintiff, to whom the trial court accorded credit, estimated that distance at about two-hundred meters. The witnesses for the company fixed it at fifty or sixty meters. It was incumbent on the lower court, which had the witnesses before it, to resolve the conflict. We fail to see any reason for disturbing its findings. *Vega* v. *American R. R. Co. of P. R.,* 57 P.R.R. 365.

The appellant company urges that the finding of the trial court that the defendant was guilty of negligence because it had failed to reduce the speed of its train upon approaching the crossing, is contrary to law.

We will copy the exact words of the lower court:

"It was likewise clearly shown by the evidence of the plaintiff, to which this court accords full credit, that at the grade crossing where the accident involved herein occurred, *the defendant not only failed to sound any warning apparatus whatsoever but also failed to reduce the speed upon approaching said grade crossing,* the defendant not having exercised through its employees a reasonable degree of care in order to avoid the accident; and that the sole cause of said accident was the fault, carelesness, and negligence of the defendant company . . .'' (Italics ours.)

In the paragraph which preceded the one above transcribed, the lower court declared as proven "that said engine and passenger train was running at much speed before and at the time of. the accident, without sounding any bell, whistle or signal to warn of its approach to said place, which was a grade crossing used by the public.''

It is evident that the finding that the defendant company had been negligent was based on the alleged and proved noncompliance by its employees of the duty which every railroad company has to sound warning signals upon approaching a crossing over a private road used by the public. The evidence shows that the defendant knew that the

road was used by the public, not only by reason of the signs which had been placed there but also because the place was a flag stop for picking up passengers. Where a statute establishes a rule which must be complied with by a railroad at crossings on streets and roads, a violation of such rule constitutes negligence *per se*.[1] The additional statement that the defendant "also failed to reduce the speed upon approaching said grade crossing" was, besides unnecessary, clearly erroneous, inasmuch as the duty of reducing speed arises only at street crossings. *Ferrer & Son* v. *American R. R. Co.*, 39 P.R.R. 36. However, the error committed could not prejudice the defendant in any way, since the finding that the company had been negligent in failing to sound any signal apparatus before going upon the grade crossing was sufficient by itself to support the judgment appealed from.

In its fifth assignment the appellant urges that the court *a quo* committed manifest error in failing to consider or pass upon the special defense of contributory negligence.

It is true that the defendant set up as a special defense that the proximate, sole, and immediate cause of the accident was the fault and contributory negligence of the minor, without specifying at all in what the alleged negligence consisted. But it is not less true that the defendant failed to introduce any evidence tending to show that the child had acted negligently in attempting to cross the track at the grade crossing.

Having decided that the accident occurred at the grade crossing, and not having accorded any credit to the evidence introduced in support of the defense of contributory negli-

---

[1] Section 3(*g*) of the Public Service Act of P. R.; *Marrero* v. *American Railroad Co.*, 33 P.R.R. 201; *Ferrer & Son* v. *American R. R. Co.*, 33 P.R.R. 36; *Vega* v. *American R. R. Co. of P.R.*, 57 P.R.R. 365; *E. Solé & Co.* v. *American Railroad Co.*, 61 P.R.R. 727; *Ortiz* v. *American Railroad Co.*, 62 P.R.R. 171; 52 C. J. 250.

gence, the lower court confined itself to the holding that "the sole cause of the accident in question was the fault, carelessness, and negligence of the defendant company acting through its employees and agents" and that said negligence was the proximate cause of the accident. Thus it was impliedly decided that the defense of contributory negligence had not been established.

In *Vega* v. *American R. R. Co. of P. R.*, *supra*, there was involved a child eight years of age, who had been struck by a railroad motor car which went upon a grade crossing without giving any warning of its approach. The company set up the contributory negligence of the child as the proximate cause of the accident. The lower court held that if a person *sui juris* had been involved, the judgment would have had to be in favor of the defendant; but since the injured person was a child eight years old who did not possess an intelligence superior to that with which other children of like age are ordinarily endowed, the same degree of care could not be required of him as of an adult. We affirmed the judgment rendered in favor of the minor and quoted with approval the following excerpt from the opinion of the lower court:

"Contributory negligence is an affirmative defense. The burden of proof was on the defendant. And the evidence is far from convincing us that this child had sufficient discretion to be guilty of contributory negligence, in view of all the attendant circumstances." See *Castro* v. *González*, 58 P.R.R. 369.

Conceding that Rafael Asencio was eight years and ten months old on the day of the accident, and that he was a healthy and intelligent child, capable of being charged with contributory negligence, we would always have to conclude that there was no evidence or indication whatsoever that said child acted negligently in attempting to cross the railroad track. The conflict as to whether the accident occurred when the child attempted to pass over the grade crossing,

as alleged by the plaintiff, or whether it occurred at another place on the track where the child was not entitled to cross, as claimed by the company, was resolved in favor of the plaintiff; and since such finding is supported by the evidence, we must allow it to stand. It is true that a pedestrian who is about to cross a railroad track at a grade crossing must stop, look, and listen before crossing; but it was incumbent on the defendant company to prove that the child failed to comply with such duty. We can not presume that he failed to comply with it, since such action would be tantamount to adopting the rule that contributory negligence is presumed. Just as a plaintiff who alleges negligence on the part of the defendant is bound to prove it, so also a defendant who relies on the contributory negligence of the plaintiff as a defense, is bound to establish it by proof. See *Figueroa* v. *Am. Railroad Co.*, 64 P.R.R. 320.

The conclusions reached by the lower court are correct and in accord with the evidence and the law.

 The appellant urges that the lower court erred in admitting, over the objection of the defendant, evidence as to the damages sustained by the mother of the minor and in granting an award of $2,800, "taking into account the supposed damages suffered by Carmen Matos, who was never a party to the action."

The lower court in its opinion stated that it deemed as proven facts that the plaintiff and his wife had permanently lost, and been deprived of, the services of the child, and that they both had experienced great anguish and mental or moral suffering in consequence of the occurrence.

The record shows that the court, over the objection of the defendant, permitted the plaintiff to testify that his wife had been confined in bed, nervous and ailing, for a period of three months after the death of the child.

Subdivision (*j*) of Rule 17 of Civil Procedure provides that a father and the mother may, individually or jointly,

maintain an action for the death of a minor child, when such death is caused by the wrongful act or neglect of another; ''provided, that the legitimate or natural mother shall always be a participant in the action to the same extent as the legitimate or acknowledged natural father; . . .''

Evidence as to the damages sustained by the mother of the child was admissible, even though she was not included as a party plaintiff in the title of the complaint, according to our decision in *Parrilla* v. *Loíza Sugar Co.*, 52 P.R.R. 232. There the original complaint filed by the father of the minor was dismissed on a motion for nonsuit, and the judgment was affirmed by this court on May 31, 1932. The plaintiff father died in October 1932, and in February 1933, Inés Parrilla, mother of the minor, filed a complaint setting forth the facts regarding the bringing of the original action by the father, and the determination thereof on a motion for nonsuit and not on the merits. The district court ordered these allegations stricken out and held the action barred, on the ground that the mother was not a party to the action brought by the father, and that the stricken allegations were irrevelant and had been introduced for the purpose of defeating the defense of prescription. In reversing the judgment, this court said:

''If under Section 60 of the Code of Civil Procedure (1933 ed.) a wife is given an action in damages for the death of her minor child independently of the action given to the husband and vice versa, then the institution of an action by one of the spouses would not prevent or suspend the running of the Statute of Limitations with regard to the other's cause of action. Under those circumstances the trial court would have acted correctly in striking the paragraphs recited above. If, however, the cited section gives only one cause of action, though either spouse or both together may institute the actual proceeding, then the present suit would not have prescribed.

''⁕ ⁕ ⁕ ⁕ ⁕ ⁕ ⁕

''In our opinion, if there is anything during the existence of wedlock, in which both the father and mother have an equal interest, it is their offspring. As head of the community, the father is endowed

by law with certain privileges of administration. As head of the family, he is likewise invested with certain prerogatives over his minor children. This court has repeatedly held that the cause of action arising from injury to the wife belongs to the community and should be instituted by the husband. We have even gone so far as to deny the wife any standing in court. *Vázquez* v. *Valdés,* 28 P.R.R. 431;. *Vázquez* v. *P. R. Railway Light & Power Co.,* 35 P.R.R. 59; *Irizarry* v. *Díaz,* 35 P.R.R. 132; *Dávila* v. *P. R. Railway Light & Power Co.,* 44 P.R.R. 923.

" " * * * * * *

" . . . . The damages which may be recovered for the death of a minor child by the father and mother must be measured by the pecuniary loss to them by virtue of his death. It is more consistent with the general principles of the conjugal society to interpret Section 60 as enabling either the father or the mother, or both together, to bring an action for the recovery of the total loss to the community. Of course, the interposition of an action by either spouse would be a bar to the interposition of a similar action by the other. Section 60 by its own terms says: 'Provided, that the legitimate or natural mother shall always be a participant in the action in proportion equal to that of the legitimate or legitimized natural father; And provided, further, that nothing hereinbefore provided shall be construed as a violation of the rights of inheritance established by the Civil Code and of the actions originating therefrom.'

"The first proviso implies that the recovery, although it uses the word 'action', shall correspond in equal proportions to the spouses. As to the last disposition, we are inclined to believe that it refers to the succession, by the heirs of the deceased minor, to any cause of action or chose in action which may vest in him personally by reason of his injury or death.

"We have reviewed the cases where this court has passed upon facts similar to those of the present one but in none of them have we decided the particular issue now before us. In most of them the father and mother joined in the suit, and in the others the father brought the suit.

"Under the view we have assumed, we feel that the action brought originally by the husband successfully interrupted the prescription of the cause of action in favor of the community and that the suit subsequently filed by the wife as the surviving representative of the community was merely a continuation of the former litigation by a properly substituted plaintiff. We therefore hold that the action

brought by the father originally and that brought by the mother in 1933, and which is now before us on appeal, are actions by the same plaintiff, the community, represented in the former suit by its administrator, and in the present case by his legal successor. There is but one action, although perhaps it may be exercised at times indiscriminately by either parent."

The judgment appealed from should be affirmed.